IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEXINGTON INSURANCE COMPANY,

                Plaintiff,

    v.

THE WHESCO GROUP, INC.
and FIREYE, INC.,

                Defendants.

ORDER

11-cv-598-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Cincinnati Insurance Company seeks leave to intervene in this case under either Fed. R. Civ. P. 24(a) or 24(b). The two provisions allow intervention of right (Rule 24(a)) or by permission of the court (Rule 24(b)). Cincinnati argues that it should be allowed to intervene under (a)(2) because it is claiming "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," as well as under ((b) because its claim and the underlying action have questions of law in common.

      Both subdivisions of Rule 24 require the motion to intervene to be timely, which means that neither one will accommodate Cincinnati's intervention. This case has been pending since August 26, 2011 and is the fourth oldest case in this court. Although Cincinnati has known about the claims since well before the case was filed, it has not given

1

any explanation for not joining the case at the time or for its delay in doing so in the intervening two years. It says that it does not seek bifurcation or a stay of the underlying litigation, which is scheduled for trial in less than three months. Rather, it says, it seeks only to clarify which of the damages plaintiff is trying to recover "as against Whesco may be excluded from coverage under the liability policies Cincinnati issued to Whesco." Although Cincinnati says that it can complete all the discovery it needs by the close of discovery on December 20; both plaintiff Lexington and defendant Whesco dispute this assertion. They point out that even if Cincinnati can obtain the discovery *it* needs by December 20, *they* will not have time to obtain the discovery they need to defend against Cincinnati's claims. After all, Cincinnati has identified in its proposed complaint for intervention 21 potential defenses and exclusions that could be at play in a trial on coverage. Most important, they add, is the fact that Cincinnati has sat on its hands for at least two years without giving any indication until now that it wanted to be part of this suit.

      I see no reason to allow Cincinnati to intervene at this late date in the proceedings. It warns that if it is not granted the leave it is seeking, the parties may find themselves duplicating their discovery efforts in preparation for an independent declaratory judgment action. That may be (although it seems unlikely), but it is not a sufficient reason to stop this litigation to allow Cincinnati the untimely intervention it is seeking. I find its showing inadequate to support its motion to intervene and will deny its motion.

ORDER

IT IS ORDERED that the motion to intervene filed by Cincinnati Insurance Company, dkt. #154, is DENIED.

Entered this 25th day of November, 2013.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge